**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: April 24, 2020**

_____
**TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| TAJAY RESTAURANTS, INC., *et al.* | § | Case No. 19-70067-TMD |
| Debtors.[1] | § | (Jointly Administered) |

### ORDER (I) ESTABLISHING THE DEADLINE FOR FILING APPLICATIONS FOR ALLOWANCE OF ADMINISTRATIVE CLAIMS AND (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the *Motion of the Debtors for an Order (I) Establishing the Deadline for Filing Applications for Allowance of Administrative Claims and (III) Approving the Form and Manner of Notice Thereof* (the "Motion"),[2] filed by Tajay Restaurants, Inc., Yummy Seafoods, LLC and Yummy Holdings, LLC, debtors and debtors in possession (collectively, the "Debtors"); and the Court having reviewed the Motion; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 (ii) this proceeding is a core proceeding

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Yummy Seafoods, LLC (5494); Yummy Holdings, LLC (5580); and Tajay Restaurants, Inc. (3602). The mailing address for the Debtors, solely for purposes of notices and communications, is 3304 Essex Drive, Richardson, Texas 75082.

[2] Capitalized terms not otherwise specifically defined herein shall have the meanings ascribed to them in the Motion.

4819-2850-4250.1

pursuant to 28 U.S.C. § 157(b), (iii) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, (iv) notice of this Motion and the hearing scheduled with respect to this Motion was appropriate under the circumstances and no other or further notice being required; and the legal and factual bases set forth in the Motion and any hearing thereon establish just cause for the relief granted in this Order:

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth in this Order. Any objections or other responses to the Motion not withdrawn or resolved are hereby overruled in their entirety.

2. **May 29, 2020 at 5:00 p.m. (CST)** (the "Administrative Claims Bar Date") shall be the deadline for all persons and entities to file applications for allowance (each, an "Application for Allowance") based on claims against any Debtor that accrued at any time which remain unpaid.

3. The Administrative Claims Bar Date Notice, substantially in the form attached hereto as Exhibit 1 is APPROVED in all respects.

4. The following persons or entities are *not* required to file an Application for Allowance in accordance with the procedures set forth herein:

    (a) any person or entity whose Administrative Claim has been allowed by order of the Court entered on or before the Administrative Claims Bar Date;

    (b) any person or entity whose claim has been paid or otherwise satisfied in full by the Debtors or any other party prior to the Administrative Claims Bar Date;

    (c) any Professional whose retention has been approved by this Court.

5. **Any holder of a claim against any Debtor who receives notice of the Administrative Claims Bar Date, as applicable, (whether such notice was actually or constructively received) and is required, but fails, to file an Application for Allowance, as applicable, in accordance with this Order on or before the Administrative Claims Bar Date (a) shall be forever barred, estopped, and enjoined from asserting such claim against such**

**Debtors (or filing an Application for Allowance with respect thereto), and such Debtor and its property may, upon confirmation of a chapter 11 plan with respect thereto, be forever discharged from all indebtedness or liability with respect to such claim, and (b) shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim.**

6. No later than five (5) business days after entry of the Administrative Claims Bar Date Order, the Debtors shall cause service of the Administrative Claims Bar Date Notice by first class U.S. mail, postage prepaid on the following parties:

    (a) all parties that have requested notice in these Chapter 11 Cases;

    (b) all persons or entities that have previously filed a proof of claim or an Application for Allowance;

    (c) all known or suspected holders of Administrative Claims against any Debtor;

    all parties to executory contracts and unexpired leases of the Debtors:

    (d) all parties to litigation with the Debtors;

    (e) all applicable governmental units, including the Internal Revenue Service, in all states in which the Debtors operate, own, or lease property, and/or file tax returns.

7. The Debtors will mail the Administrative Claims Bar Date Notice to each of the foregoing party's last known address included in the Debtors' books and records.

8. Nothing in this Order shall prejudice the right of any Debtor or any other party in interest to dispute, or to assert offsets or defenses to, any claim as to amount, liability, characterization, or otherwise, and to subsequently designate any claim as disputed, contingent, or unliquidated.

9. The Debtors are authorized and empowered to take such steps and perform such acts as may be necessary or appropriate to implement and effectuate the terms of this Order.

4819-2850-4250.1

10. This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

###

Entry Requested By:

WALLER LANSDEN DORTCH & DAVIS, LLP
Mark Taylor (Bar No. 19713225)
Mark.taylor@wallerlaw.com
100 Congress Avenue, Suite 1800
Austin, Texas 78701
(512) 685-6400
(512) 685-6417 (FAX)

# EXHIBIT 1

**(Administrative Claims Bar Date Notice)**

4819-2850-4250.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| TAJAY RESTAURANTS, INC., *et al.* | § § | Case No. 19-70067-TMD |
| Debtors.[1] | § § § | (Jointly Administered) |

NOTICE OF DEADLINE FOR APPLICATIONS FOR
ALLOWANCE OF ADMINISTRATIVE CLAIMS

**PLEASE TAKE NOTICE** that on May 16, 2019 (the "Petition Date"), Tajay Restaurants, Inc., Yummy Seafoods, LLC and Yummy Holdings, LLC, debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**PLEASE TAKE FURTHER NOTICE** that on _____, 2020, the United States Bankruptcy Court for the Western District of Texas, Midland Division (the "Court"), having jurisdiction over the Debtors' chapter 11 cases, entered an order (the "Administrative Claims Bar Date Order") establishing (i) **May 29, 2020 at 5:00 p.m. (CST)** as the deadline for all persons and entities to file applications for allowance (each, an "Application for Allowance") based on claims against any Debtor.

**You should consult an attorney if you have any questions, including whether to file an Application for Allowance**

1. **WHO MUST FILE AN APPLICATION FOR ALLOWANCE**

You **MUST** file an Application for Allowance if you have an administrative claim as defined by the Bankruptcy Code (including Sections 503(b) and 507(a)(2)) that that remains unpaid.

Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Yummy Seafoods, LLC (5494); Yummy Holdings, LLC (5580); and Tajay Restaurants, Inc. (3602). The mailing address for the Debtors, solely for purposes of notices and communications, is 3304 Essex Drive, Richardson, Texas 75082.

4819-2850-4250.1

rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

Applications for Allowance will be deemed timely filed *only if* they are actually received by Prime Clerk on or before the Administrative Claims Bar Date. Applications for Allowance submitted by facsimile or e-mail *will not be accepted*.

2. **WHO NEED <u>NOT</u> FILE A PROOF OF CLAIM OR APPLICATION FOR ALLOWANCE**

(a) any person or entity whose Administrative Claim has been allowed by order of the Court entered on or before the Administrative Claims Bar Date;

(b) any person or entity whose claim has been paid or otherwise satisfied in full by the Debtors or any other party prior to the Administrative Claims Bar Date;

(c) any Professional whose retention has been approved by this Court.

**You should not file an Application for Allowance if you do not have a claim against any of the Debtors. The fact that you have received this Administrative Claims Bar Date Notice does not mean that you have a claim or that the Debtors or the Bankruptcy Court believes that you have a claim.**

3. **HOW TO FILE AN APPLICATION FOR ALLOWANCE**

. If you file an Application for Allowance, it must be (i) completed with the appropriate documentation required by the Bankruptcy Code (ii) signed by the claimant (or its counsel) or, if the claimant is not an individual, by an authorized agent of the claimant; (iii) include supporting documentation (if voluminous, attach a summary) or explanation as to why documentation is not available; (iv) be in English language; and (v) be denominated in United States currency. Any holder of a claim against more than one Debtor must file a separate Application for Allowance against each Debtor and all holders of claims must identify on their Application for Allowance the specific Debtor against which such claim is asserted and the case number of that Debtor's bankruptcy case. The Debtors' names and case numbers are set forth above.

**You should attach to your completed Application for Allowance copies of any writings upon which your claim is based.**

4. **CONSEQUENCES OF FAILURE TO FILE AN APPLICATION FOR ALLOWANCE BY THE ADMINISTRATIVE CLAIMS BAR DATE**

**Except as described in Section 2 above, as applicable, any holder of a claim against any Debtor who received notice of the Administrative Claims Bar Date (whether such notice was actually or constructively received) and is required, but fails, to file an Application for Allowance, as applicable, in accordance with the Administrative Claims Bar Date Order and this Administrative Claims Bar Date Notice on or before the Administrative Claims Bar (a) shall be forever barred, estopped, and enjoined from asserting such claim against any**

4819-2850-4250.1

2

**Debtor, and such Debtor and its property may upon confirmation of a chapter 11 plan with respect thereto, be forever discharged from all indebtedness and liability with respect to such claim, and (b) shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim.**

Dated: _____, 2020
      Austin, Texas

                                        Respectfully submitted,

                                        WALLER LANSDEN DORTCH & DAVIS, LLP

                                        /s/ *Mark C. Taylor*
                                        Eric Taube (Bar No. 19679350)
                                        Mark Taylor (Bar No. 19713225)
                                        Evan J. Atkinson (Bar No. 24091844)
                                        100 Congress Avenue, Suite 1800
                                        Austin, Texas 78701
                                        (512) 685-6400
                                        (512) 685-6417 (FAX)
                                        Email: Eric.Taube@wallerlaw.com
                                                    Mark.Taylor@wallerlaw.com
                                                    Evan.Atkinson@wallerlaw.com

                                        *Attorneys for the Debtors and*
                                        *Debtors in Possession*