

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: November 24, 2020.**

_____
**TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| TAJAY RESTAURANTS, INC. | § | Case No. 19-70067-TMD |
| YUMMY SEAFOODS, LLC, | § | Case No. 19-70068-TMD |
| YUMMY HOLDINGS, LLC | § | Case No. 19-70069-TMD |
| | § | |
| **Debtors.** | § | |
| | § | (JOINTLY ADMINISTERED |
| | § | UNDER CASE NO. 19-70067-TMD) |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' LIQUIDATION PLAN FOR TAJAY RESTAURANTS, INC. AND YUMMY SEAFOODS, LLC**

This Court having considered the testimony and evidence presented and having reviewed the Official Committee of Unsecured Creditors Liquidation Plan for Tajay Restaurants, Inc. and Yummy Seafoods, LLC filed on September 28, 2020 [ECF#489] (the "Plan") and, it appearing to the Court that notice of the Confirmation Hearing and the opportunity for any party in interest to object to confirmation have been adequate and appropriate as to all parties affected or to be

affected by the Plan and the transactions contemplated thereby, and the legal and factual bases set forth in the documents filed in support of confirmation and presented at the Confirmation Hearing establish just cause for the relief granted herein; and after due deliberation thereon and good cause appearing therefore, the Court hereby makes and issues the following Findings of Fact, Conclusions of Law, and Orders:

I. **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

IT IS HEREBY DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED THAT:

A. **Jurisdiction and Venue.**

1. The Debtor commenced this chapter 11 case (the "Chapter 11 Case") on May 16, 2019 (the "Petition Date") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Venue in the United States Bankruptcy Court for the Western District of Texas, Midland Division (the "Bankruptcy Court") was proper as of the Petition Date pursuant to 28 U.S.C. §§1408 and 1409 and continues to be proper during the Chapter 11 Cases. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2). The Bankruptcy Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to § 157(b)(2)(L) of title 28 of the United States Code. The Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B. **Eligibility for Relief.**

2. The Debtor is an entity eligible for relief under § 109 of the Bankruptcy Code.

C. **Judicial Notice.**

3. The Bankruptcy Court takes judicial notice of (and deems admitted into evidence for confirmation) the docket of the Chapter 11 Cases maintained by the clerk of the applicable

court or its duly appointed agent, including all pleadings and other documents on file, all orders entered, all hearing transcripts, and all evidence and arguments made, proffered, or adduced at the hearings held before the applicable court during the pendency of the Chapter 11 Cases. Any resolutions of objections to confirmation explained on the record at the Confirmation Hearing are hereby incorporated by reference. All unresolved objections, statements, and reservations of rights are overruled on the merits.

      **D.**      **Transmittal and Mailing of Materials; Notice.**

4.      Due, adequate, and sufficient notice of the Disclosure Statement, Plan, and Confirmation Hearing, together with all deadlines for voting on or objecting to the Plan, has been given and no other or further notice is or shall be required.

      **E.**      **Solicitation.**

5.      Votes for acceptance and rejection of the Plan were solicited in good faith and in compliance with §§ 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, all other applicable provisions of the Bankruptcy Code. Such transmittal and service were adequate and sufficient, and no further notice is or shall be required.

      **F.**      **Voting Certification.**

6.      The tabulation of the ballots was conducted in accordance with the Bankruptcy Code. As evidenced by the Ballot Summary filed by the Debtor, every class of Creditors whose rights are impaired under the Plan voted to accept the Plan.

      **G.**      **Compliance with the Requirements of § 1129 of the Bankruptcy Code.**

          **(i)**      **Section 1129(a)**

7.      The Plan complies with all applicable provisions of § 1129(a) of the Bankruptcy Code, except § 1129(a)(8).

    **(ii)**    **Section 1129(b)**

8. The Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims that is impaired, and has not accepted, the Plan and complies with § 1129(b)(2)(A) of the Bankruptcy Code.

    **(iii)**    **Section 1129(c)—Only One Plan.**

9. Other than the Plan (including previous versions thereof), no other plan has been filed in the Chapter 11 Cases. Accordingly, the requirements of § 1129(c) of the Bankruptcy Code have been satisfied.

    **(iv)**    **Section 1129(d)—Principal Purpose of the Plan Is Not Avoidance of Taxes.**

10. No Governmental Unit has requested that the Bankruptcy Court refuse to confirm the Plan on the grounds that the principal purpose of the Plan is the avoidance of taxes or the avoidance of the application of § 5 of the Securities Act. As evidenced by its terms, the principal purpose of the Plan is not such avoidance. Accordingly, the Plan satisfies the requirements of § 1129(d) of the Bankruptcy Code.

    **H.**    **Satisfaction of Confirmation Requirements.**

11. Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in § 1129 of the Bankruptcy Code.

    **I.**    **Good Faith.**

12. The Debtor and its principals, agents, financial advisers, attorneys, employees, affiliates, and representatives have been, are, and will continue to act in good faith if they proceed to: (a) consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby; and (b) take the actions authorized and directed by the Confirmation Order.

**J.     Implementation.**

13.    All documents and agreements necessary to implement the Plan and all other relevant and necessary documents have been negotiated in good faith, at arm's length, and are in the best interests of the Debtor and the Post-Confirmation Debtor and shall, upon completion of documentation and execution be valid, binding, and enforceable documents and agreements not in conflict with any federal or state law.

## II.     NON-MATERIAL MODIFICATIONS TO THE PLAN

Pursuant to Bankruptcy Rule 3019 and § 1223 of the Bankruptcy Code, the Plan and its exhibits are modified as noted below.

14.    All fees owed under 28 USC § 1930(a)(6) shall be paid and all reports required by Federal Rule of Bankruptcy Procedure 2015 shall be filed by the Debtor for the periods ending December 31, 2020 and all such fees shall be paid and such reports filed by the Creditors' Trust thereafter until the case is closed, dismissed or converted.

15.    Notwithstanding any release provided in this Order, the Plan, or the Asset Purchase Agreement, neither Tabbassum Mumtaz ("Mumtaz"), TM DIP Lender, LLC ("TM DIP"), nor any party that has been or will be assigned any obligations under the Conditions Agreement (as defined below) shall be released from any direct claims from Long John Silver's, LLC ("LJS") related to any ongoing obligations of the Conditions to Consent and Sublease Agreement ("the Conditions Agreement") entered as of December 31, 2019 among Mumtaz, TM DIP, and LJS, including as such Conditions Agreement was amended on January 24, 2020.

16.    The Debtor shall pay on the Effective Date of the Plan the priority tax claims of Potter County, Texas in the amount of $1,546.54 and of Hale County, Texas in the amount of $1,359.22 in full satisfaction of their respective claims.

### III. ORDER

BASED ON THE FOREGOING FINDINGS OF FACT, IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

**A.  Order.**

17. This Confirmation Order shall confirm the Official Committee of Unsecured Creditors Liquidation Plan for Tajay Restaurants, Inc. and Yummy Seafoods, LLC filed on September 28, 2020 [ECF#489], as modified herein.

**B.  Objections.**

18. To the extent that any objections, reservations of rights, statements, or joinders to confirmation have not been withdrawn, waived, or settled prior to entry of the Confirmation Order or otherwise resolved as stated on the record of the Confirmation Hearing, they are hereby overruled on the merits.

**C.  Findings of Fact and Conclusions of Law.**

19. The findings of fact and the conclusions of law stated in the Confirmation Order shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to the proceeding by Bankruptcy Rule 9014. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

**D.  Confirmation of the Plan.**

20. The Plan and each of its provisions are confirmed in each and every respect pursuant to § 1129 of the Bankruptcy Code. The documents referenced in the Plan and any amendments, modifications, and supplements thereto, and all documents and agreements related thereto, and the execution, delivery, and performance thereof by the Debtor is authorized and approved as finalized, executed, and delivered. Without further order or authorization of the

Bankruptcy Court, the Debtor is authorized and empowered to make all modifications to all documents included as part of the Plan that are consistent with the Plan. As set forth in the Plan, once finalized and executed, the documents contemplated by the Plan shall constitute legal, valid, binding, and authorized obligations of the respective parties thereto, enforceable in accordance with their terms and, to the extent applicable, shall create, as of the Effective Date, all Liens and other security interests purported to be created thereby.

21. The terms of the Plan shall be effective and binding as of the Effective Date of the Plan.

### (i) Notice of Entry of the Confirmation Order.

22. In accordance with Bankruptcy Rules 2002 and 3020(c), within ten business days of the date of entry of the Confirmation Order, the Debtor shall serve the notice of confirmation by CM/ECF; United States mail, first class postage prepaid; by hand; or by overnight courier service to all parties having been served with the Confirmation Hearing Notice. Mailing of the Notice of Confirmation in the time and manner set forth in this paragraph shall be good and sufficient notice under the particular circumstances and in accordance with the requirements of Bankruptcy Rules 2002 and 3020(c), and no other or further notice is necessary.

23. The Notice of Confirmation shall have the effect of an order of the Bankruptcy Court, shall constitute sufficient notice of the entry of the Confirmation Order to such filing and recording officers, and shall be a recordable instrument notwithstanding any contrary provision of applicable non-bankruptcy law.

### E. Binding Effect.

24. Notwithstanding Bankruptcy Rules 3020(e), 6004(g), or 7062 or otherwise, upon the occurrence of the Effective Date, the terms of the Plan shall be immediately effective and enforceable and deemed binding upon the Debtor, the Post-Confirmation Debtor, and any and all

holders of Claims or Equity Interests (irrespective of whether such Claims or Equity Interests are deemed to have accepted the Plan), all Persons that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan or herein, each Person acquiring property under the Plan, and any and all non-Debtor parties to executory contracts and unexpired leases with the Debtor.

25. The rights, benefits, and obligations of any Person named or referred to in the Plan shall be binding on, and shall inure to the benefit of any heir, executor, administrator, successor or assign, affiliate, officer, director, agent, representative, attorney, beneficiaries, or guardian, if any, of each Person.

**F.  Final Confirmation Order.**

26. This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

IT IS SO ORDERED.

# # #

Submitted by:
Stephen A. Roberts
Clark Hill Strasburger
720 Brazos, Suite 700
Austin, Texas 78701
Telephone: 512.499.3624
Email: stephen.roberts@clarkhillstrasburger.com

***Counsel for the Official Committee of Unsecured Creditors***